IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDRIO VERANO,
    Petitioner,

vs.                                                         Case No.: 4:15cv518/RH/EMT

STATE OF FLORIDA, et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

        Petitioner commenced this action by filing a petition for writ of habeas corpus (ECF No. 1). He is an inmate of the Florida Department of Corrections, housed at Taylor Correctional Institution (*see id.*). The habeas petition challenges the validity of the judgment of conviction pursuant to which he is in custody (*see id.*). He seeks release from imprisonment (*see id.*).

        By order of this court dated October 28, 2015, Petitioner was given thirty (30) days in which to file an amended habeas petition on the court-approved form for use in habeas actions under 28 U.S.C. § 2254, and to either submit a completed motion to proceed in forma pauperis ("IFP") or pay the filing fee in the amount of $5.00 (*see* ECF No. 3). That time elapsed, and Petitioner failed to file an amended petition, submit an IFP motion, or pay the filing fee. Therefore, on December 7, 2015, the

court issued an order directing Petitioner to show cause why this action should not be dismissed for his failure to comply with an order of the court (*see* ECF No. 6).

Petitioner filed a response to the show cause order, stating that his initial habeas petition was not deficient in its form or presentation; therefore, he is not required to file an amended petition on the § 2254 form (ECF No. 7). Petitioner also insisted that this is a commercial matter which is governed by the Uniform Commercial Code ("UCC"), not § 2254 (*see id.*). He stated:

> Nonetheless, should the Chief Magistrate, under Penalty of Perjury—28 USCA § 1746 and the Fed. R. Civ. Proc. involving Request for Admissions—state on and for the Record providing PROOF OF CLAIM that 28 USCA § 2254 is the exclusive and sole remedy for refusing a non-substantive offer, thus nullifying Commercial Law, then, and only then, will I amend this action as a 28 USCA § 2254. This is the rule of right that I have invoked.

(ECF No. 7 at 2). With regard to the filing fee issue, Petitioner stated he was willing to offer a promissory note for the $5.00 filing fee, if the court issued a "proper presentment for the fee and the law mandating the payment of fee upon the living man of whom I am, under Penalty of Perjury, et al." (*id.* at 4).

On January 5, 2016, the court issued an order advising Petitioner that none of his arguments constituted cause for his failure to comply with the court's order of October 28, 2015 (ECF No. 8). The court advised Petitioner that prior to

recommending dismissal of this case for his failure to comply, the court would provide him a final opportunity to comply (*see id.*). The court advised Petitioner that it is well established that a habeas petition filed by a state prisoner who is in custody pursuant to the judgment of a state court is subject to the procedural requirements of § 2254. *See* Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004). Additionally, Local Rule 5.7 requires a pro se habeas petitioner to file his or her habeas petition on the form approved for use in this District. *See* N.D. Fla. Loc. R. 5.7(A). Therefore, Petitioner was required to file an amended petition on the court-approved form for use in § 2254 cases (*see* ECF No. 8).

Additionally, the court's order of January 5, 2016, advised Petitioner that the $5.00 filing fee for habeas cases is established by 28 U.S.C. § 1914(a); therefore, he is required to pay it (*see* ECF No. 8). The court advised him that it may authorize prosecution of this case without prepayment of the filing fee if Petitioner submitted an IFP motion with the requisite supporting documentation for the motion, specifically, a Prisoner Consent Form and Financial Certificate signed by a prison official, with an attached copy of Petitioner's trust fund account statement covering the six-month period preceding the filing of the petition. *See* Rule 3(a), Rules Governing § 2254 Cases; 28 U.S.C. § 1915(a)(2); N.D. Fla. Loc. R. 5.3. The court

directed the clerk of court to send Petitioner the court-approved IFP and § 2254 forms, and the court directed Petitioner to file an amended habeas petition on the § 2254 form, and either pay the filing fee or file an IFP motion within thirty (30) days (*id.*). The court emphasized that Petitioner's failure to comply with the order would result in a recommendation of dismissal of this action (*id.*).

The court-ordered deadline has expired, and although Petitioner filed an amended habeas petition (*see* ECF No. 9), he did not pay the filing fee or file an IFP motion. Instead, Petitioner filed a document titled, "Notice to Clerk Pursuant to 18 USCA § 2071(b): Your Presentment/Offer—Accepted and Returned for Value," and attached a copy of the court's January 5, 2016, order (*see* ECF No. 11).

The record clearly demonstrates Petitioner's unwillingness to comply with the court's directive that he pay the filing fee or file an IFP motion with the requisite supporting documentation for the motion, specifically, a Prisoner Consent Form and Financial Certificate signed by a prison official, with an attached copy of Petitioner's trust fund account statement covering the six-month period preceding the filing of the petition. *See* Rule 3(a), Rules Governing § 2254 Cases; 28 U.S.C. § 1915(a)(2); N.D. Fla. Loc. R. 5.3. Petitioner was clearly warned that his failure to comply would result in a recommendation of dismissal of this action, yet he has clearly communicated that

he does not intend to comply.  Therefore, the undersigned recommends dismissal of this case, without prejudice to Petitioner's re-filing, should he decide he is willing to follow the court's directives.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** for Petitioner's failure to comply with an order of the court.

At Pensacola, Florida, this 17th day of February 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case No.: 4:15cv518/RH/EMT